## HURST v. STATE OF INDIANA.

[No. 25,524.　Filed February 6, 1925.]

CRIMINAL LAW.—*Former Jeopardy.—Burden of Proof.*—A defendant who pleads former jeopardy has the burden of proving the same, and a finding that defendant failed to make out his defense of former jeopardy cannot be disturbed on the weight of conflicting evidence.

From Putnam Circuit Court; *Harvey L. Fisher,* Judge.

Joe Hurst was convicted of a violation of the prohibition law, and he appeals. *Affirmed.*

*James & Allee,* for appellant.

*U. S. Lesh,* Attorney-General, and *Cronk & Wilde,* for the State.

EWBANK, J.—Appellant was charged by affidavit with the offense of selling five gallons of intoxicating liquor to Charles Turner, was convicted in the mayor's court, and on appeal to the circuit court was convicted there. Overruling his motion for a new trial which specified as a reason that the finding was contrary to law, is assigned as error.

Turner and his wife both testified that appellant sold him the liquor, as charged, and delivered it, and that upon receiving it Turner paid him $60 for it. The only question argued in the brief for appellant is whether or not he proved his defense of "former jeopardy," of which he had the burden of proof. There was direct evidence that he never had been tried before, but was only tried once; and the only evidence tending to show that there was a hearing of any kind before the one at which the mayor adjudged him guilty, from which he appealed to the circuit court, was proof that a few blank spaces in a printed form of entry on the docket of the mayor of Greencastle had been filled, so as to recite that an affidavit was filed against appellant on the day on

which the affidavit now before the court was filed, that he pleaded not guilty, and that the court found that if guilty at all he was guilty of a felony, and ordered that he be bound over to appear in the circuit court of Putnam county, from which this appeal was taken, fixed his bond at $2,000, and took such a bond from him. The mayor testified that after writing this he had "tried to strike it out," and lines had been drawn across it with ink, and the mayor had written and signed at the bottom of the page the words "Above record void." Appellant was examined as a witness in his own behalf, and testified to many things, but neither he nor anybody else testified that he ever was arraigned and tried at any other time than on the date of the judgment appealed from. A finding that appellant failed to make out his defense of former jeopardy cannot be disturbed on the weight of conflicting evidence. No substantial rights of the appellant are shown to have been violated by the ruling complained of.

The judgment is affirmed.